IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN WILLIAM MUNSON, :
　　　　　　　　　　　　　　　　:
　　　　　Petitioner, :
　　　　　　　　　　　　　　　　:
v. : Civil Action No. 15-383-RGA
　　　　　　　　　　　　　　　　:
THE BANCORP BANK, :
　　　　　　　　　　　　　　　　:
　　　　　Respondent. :

## MEMORANDUM

Petitioner John William Munson has filed a document titled "Complaint, Filed 28 U.S.C. § 2241, Using RICO U.S.S.C. *Virginia v. Moore*" (hereinafter referred to as "§ 2241 Petition"). (D.I. 1) It appears that Munson was residing at the Sunday Breakfast Mission in Wilmington Delaware when he filed the instant § 2241 Petition.

Although the § 2241 Petition is mostly incomprehensible, Munson appears to be alleging that: (1) Bancorp is withholding $1350.30 worth of Social Security disability payments that were directly deposited over the past two years into an account he holds with Bancorp; and (2) Bancorp committed "bait and switch" fraud because there are no branches located on Silverside Road in Wilmington, Delaware as indicated on its website. (D.I. 1 at 11-13) Munson's § 2241 Petition also alleges that: (1) federal and local Florida police harassed him (D.I. 1 at 6-7); (2) he was improperly detained for eight months in the Niagara Falls County Jail and was subject to alleged excessive police actions/force during that detention (D.I. 1 at 7; D.I. 3 at 2); and (3) the Niagara Falls County Sheriff stole or destroyed his debit cards, birth certificate, legal papers, and his Georgia state ID (D.I. 1 at 8-9). For relief, Munson requests "10% return of the

total worth of The Bancorp Bank due to him in addition to the $1350.40 plus daily interest of 1% per day from February 1, 2012 to date, plus damages and cost of recovery." (D.I. 1 at 13-14)

Additionally, in an attachment titled "Motion and Notice of Motion for *Qui Tam* Action," Munson asserts that "Bancorp has fraudulently withheld wire transferred U.S. Treasury – Social Security funds for some three years due to plaintiff." (D.I. 1-2 at 2) He contends that "Bancorp has, as well as their managed accounts, defrauded the United States I.R.S. as to taxes – wirefraud violation, Social Security/U.S. Treasury fraud – as well as Delaware State Banking laws and is ripe for forfeiture under Federal and Delaware State laws as a criminal operation, if only as a side business to the quasi-legal transfer of funds for PayPal et al. purchases." (D.I. 1-2 at 7) Munson's *qui tam* complaint also contains some indecipherable allegations regarding Ebay, PayPal, and NetSpend. For relief, he requests "an immediate seizure of all the Bancorp property – assets, accounts, recoverable funds from The Bancorp and ALL of its managed subaccounts in total." (D.I. 1-2 at 8-9)

After filing his § 2241 Petition, Munson filed a Motion for Change of Venue, in which he requests that "all above cases [listed in the caption of the Motion] either current and previous be moved to 'The HAUGE' for further adjudication, even if unsuccessful," "due to present and previous law enforcement harassment, numerous jailings from New York State to Montana State," and continuing harassment by police in Wilmington, Delaware. (D.I. 3 at 1-7) The "cases" for which Munson seeks a transfer of venue include: *Munson v. Bancorp.Com, City of Atlanta, GA*, Civ. A. No. 13-1045-ODE (N.D. Ga.)(case filed pursuant to 28 U.S.C. § 2241 challenging the direct deposit

2

of social security disability payments into his Bancorp account and twenty-five days of detention in the Atlanta City Detention Center; the case was dismissed as frivolous); *Munson v. Draggon et al.*, Civ. A. No. 14-022-BMM-RKS (D. Mont.)(case filed pursuant to 42 U.S.C. §1983 in which Munson brought claims against the Niagara Falls County Jail and/or Niagara Falls County police officials for use of excessive force during his detention in July 2013; the case was transferred to the W.D.N.Y.); *Munson v. Draggon et al.*, Civ. A. No. 14-228-WMS (W.D.N.Y)(the same aforementioned excessive force case filed pursuant to 42 U.S.C. § 1983 that was transferred from Montana to New York, and which was dismissed with prejudice for failure to file an amended complaint); *Munson v. Comm. Social Security*, Misc. Case 15-26 (W.D. N.Y.)(miscellaneous case presently pending in the Western District Court of New York in which Munson asks for a prompt *Sharpe* hearing regarding his social security benefits); *Munson v. United States*, Civ. A. No. 15-393-WMS (W.D.N.Y.)(action filed (and still pending) pursuant to 28 U.S.C. § 2241 challenging the seizure of certain personal funds by the FBI in Florida in 1987 pursuant to a search warrant); and the instant case filed pursuant to § 2241, *Munson v. The Bancorp Bank*, Civ. A. No. 15-283-RGA (D. Del.).

With respect to Munson's Motion for Change of Venue, the Court will deny as moot Munson's request to change the venue for cases that are already closed (*Munson v. Bancorp.Com, City of Atlanta, GA*, Civ. A. No. 13-1045-ODE (N.D. Ga.); *Munson v. Draggon et al.*, Civ. A. No. 14-022-BMM-RKS (D. Mont.); *Munson v. Draggon et al.*, Civ. A. No. 14-228-WMS (W.D.N.Y.)). The Court will deny as unwarranted and/or improperly filed Munson's request to change the venue for cases that are still open but

3

pending before the District Court for the Western District of New York, because a request for change of venue must be presented to the court in which the cases are pending. See 28 U.S.C. § 1404; 28 U.S.C. § 1406. Finally, the Court will deny as unwarranted Munson's request to change the venue for the instant § 2241 Petition to "The HAUGE," because Munson's mostly indecipherable Motion provides no reason justifying a change of venue to an unidentifiable location.[1] See 28 U.S.C. § 1404.

As for Munson's § 2241 Petition itself, the Court notes that federal courts are required to liberally construe *pro se* filings. See *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." See Rule 4, 28 U.S.C. foll. § 2254; Rule 4, 28 U.S.C. foll. § 2255. This is such a case. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Munson is not a federal prisoner and he is not challenging the execution of a federal sentence imposed by this Court.[2] Thus, the Court does not have § 2241 jurisdiction over the case. In turn,

---

[1] If Munson intended to request a change of venue to "The Hague," (*i.e.*, the International Court of Justice), as seems likely, that is not a power I have. Even if I did, he has not presented any reasons warranting a transfer to that location. The International Court of Justice "has no jurisdiction to deal with applications from individuals, non-governmental organizations, corporations, or any other private entity." International Court of Justice: Practical Information, Frequently Asked Questions, No. 2, http://www.icj-cij.org/information/index.php?p1=7&p2=2#1

[2] Munson was under federal supervised release for many years, but his supervised release was terminated in October 2010. See generally *United States v. Munson*, 87cr5023-RV-EMT (N.D. Fla.) More specifically, on May 25, 1988, following a non-jury trial in the Northern District of Florida, Munson was found not guilty by reason

4

Munson's claims are not cognizable under § 2241, because he is suing a private party for the return of money, as well as alleging excessive force/false arrest claims against New York police officers and officials in a New York prison.³ *See, e.g., Ameziane v. Obama*, 58 F.Supp.3d 99, 102 (D.D.C. 2014)("Countless decisions from other jurisdictions have similarly held that claims for the return of lost, damaged, or confiscated property – including money – are not cognizable in a writ of habeas corpus.").

Finally, to the extent Munson has attempted to file a *qui tam* action against The Bancorp Bank on behalf of the Government (D.I. 1-2), the attempt is unavailing. Munson cannot "maintain [a] *qui tam* action in his *pro se* capacity as a relator on behalf of the United States." *Gunn v. Credit Suisse Group AG*, __ F. App'x __, 2015 WL 1787011, at *2 (3d Cir. Apr. 21, 2015).

For all of these reasons, the Court will summarily dismiss Munson's § 2241 Petition without issuing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). A

---

of insanity of wilfully damaging a helicopter owned and operated by the United States Army within the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. § 32, and of possession of firearms by a convicted felon. (D.I. 1-1 &1-38 in *United States v. Munson*, 87cr5023-RV (N.D. Fla.)) He was thereafter committed to FCI Butner, North Carolina, until he was conditionally released in 1990 under a prescribed regimen of psychiatric care and treatment. (D.I. 64 in *United States v. Munson*, 87cr5023-RV (N.D. Fla.)) Munson's supervised release was revoked and reinstated several times throughout the years until the Northern District of Florida finally terminated Munson's supervised release on October 21, 2010. (D.I. 181 & D.I. 191 in *United States v. Munson*, 87cr5023-RV (N.D. Fla.))

³Munson has repeatedly asserted variations of these claims in federal courts located in Georgia, Montana, and New York.

separate Order follows.

June 16, 2015
DATE

Richard G. Andrews
UNITED STATES DISTRICT JUDGE